UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTIN,<br><br>           Plaintiff,<br><br>      v.<br><br>ANTHONY FERNANDEZ, et al.<br><br>           Defendants. | Case No.: 1:13-cv-00754 - JLT (PC)<br><br>ORDER FOR PLAINTIFF TO NOTIFY THE COURT WHETHER HE WISHES TO PROCEED ON HIS COGNIZABLE CLAIM OR TO FILE A SECOND AMENDED COMPLAINT<br><br>(Doc. 9) |

Plaintiff Brian Martin ("Plaintiff") is state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.  On June 5, 2013, Plaintiff served a document entitled "First Amended Complaint." Fed. R. Civ. P. 15(a)(1) permits a party to amend the complaint once as a matter of course within 21 days after serving the pleading.  All other amendments must be done with leave of the Court. Fed. R. Civ. P. 15(a)(2).  While the present motion is filed more than 21 days after the initial complaint was served,[1] no parties have appeared in this matter.  Thus, the Court now disregards the original complaint and screens the first amended complaint as required by 28 U.S.C. § 1915 *et seq*.

For the following reasons, Plaintiff **SHALL** notify the Court whether he wishes to proceed on his sole cognizable Eighth Amendment claim of inadequate medical care against Officer Fernandez or

---

[1] Plaintiff's initial complaint was served on May 13, 2013. (Doc. 1 at 42).  Plaintiff's motion to amend the complaint was served on June 5, 2013. (Doc. 7 at 3).

1

whether he wishes to file a second amended complaint within **21 days** of the date of service of this Order.

I. <u>Screening Requirement</u>

As Plaintiff seeks redress from governmental employees in a civil action, the Court is required to screen his complaint in order to identify any cognizable claims. 28 U.S.C. § 1915A(a)-(b). The Court shall "dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

II. PLEADING STANDARDS

A. Fed. R. Civ. P. 8(a)

"Pro se documents are to be liberally construed" and "'must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). "[They] can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Id</u>. Under Federal Rule of Civil Procedure 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plaint statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). While a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007) (internal quotation marks and citations omitted).

In analyzing a pleading, the Court sets conclusory factual allegations aside, accepts all non-conclusory factual allegations as true, and determines whether those non-conclusory factual allegations accepted as true state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-684 (2009). "The plausibility standard is not akin to a probability requirement, but it

asks for more than a sheer possibility that a defendant has acted unlawfully." (Id. at 678) (internal quotation marks and citation omitted). In determining plausibility, the Court is permitted "to draw on its judicial experience and common sense." Id. at 679.

### B. 42 U.S.C. § 1983

In order to sustain a cause of action under 42 U.S.C. § 1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See* Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation of which the plaintiff complains. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981) (*quoting* Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). 42 U.S.C. § 1983 does not create substantive rights, but rather serves as a vehicle to protect federal rights which have been established elsewhere. Graham v. Connor, 490 U.S. 386, 393-394 (1989).

### III.   FACTUAL ALLEGATIONS

Plaintiff's cause of action arose while he was incarcerated at California State Prison – Corcoran ("Corcoran"). (Doc. 9 at 5 ¶ 5). Plaintiff names the following Corcoran prison staff as Defendants to this matter: (1) Officer Anthony Fernandez, (2) Officer Mark Geston, (3) Officer John Amaya, (4) Appeals Coordinator Maureen Briggs, and (5) Appeals Coordinator Jennifer Jones. Id. at 2. The complaint requests declaratory, compensatory and punitive relief, and is summarized as follows:

Plaintiff suffers from Legg-Perths, a degenerative joint disease, which primarily affects his left hip. Id. at 5 ¶ 13. Plaintiff's "flattened femoral head" causes him severe pain when sleeping, lower back pain and limited mobility. Id. at 5 ¶¶ 13. As a result, prison doctors prescribed a "pressure mattress" for him. Id. at 6 ¶ 15.

On January 24, 2010, prison officials charged Plaintiff with "battery on a peace officer." Id. at 6 ¶ 16. He placed him in Administrative Segregation ("Ad. Seg.") and his belonging, including his "pressure mattress" were rolled up. Id. at 6 ¶ 16. While Officer Fernandez and an unnamed officer

escorted Plaintiff to Ad. Seg., Plaintiff informed Defendant Fernandez of the need for his prescribed mattress. Id. at 6 ¶¶ 20, 22. Defendant Fernandez responded "Not when you batter C.O.'s." Id. at 6 ¶ 23.

On January 27, 2010, Plaintiff inquired as to the location of his mattress. Id. at 6 ¶ 24. Sgt. Kellog advised him to pursue an inmate appeal, which Plaintiff did on February 3, 2010, and which indicated that Plaintiff was not provided a 1083 property form upon his transfer to Ad. Seg. Id. at 7 ¶ 26. Briggs screened out the grievance due to Plaintiff's failure to provide documentation that he had in his possession before his transfer to Ad Seg, the mattress. Id. at 7 ¶ 27. Plaintiff again filed a grievance on February 3, 2010 and Jones rejected it on February 26, 2010 as untimely. Id. at 7 ¶ 30.

On March 3, 2010, Plaintiff signed an acknowledgement that his mattress had been returned to him. (Doc. 11 at 17) In this document, Lt. Gamboa reported that after Plaintiff was escorted to Ad Seg, his property was not taken there immediately. Id. The next day, the property arrived at Ad Seg but the mattress was not with the property. Id. Officers conducted a search and the mattress was located and returned to Plaintiff in good condition. Id. In all, Plaintiff was deprived of his mattress for 37 days. (Doc. 11 at 8)

Plaintiff contends that he suffered psychological and physical injury as a result of the deprivation of the mattress. Id. at 8 ¶ 42. He claims "safety concerns, anxiety, and insomnia associated with" the loss of his mattress. Id. at 7 ¶¶ 37-39.

### III. DISCUSSION AND ANALYSIS

#### A. Supervisory Liability – Failure to Train

Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir.2002) (emphasis added). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1948–49 (2010). Liability may not be imposed on supervisory personnel under section 1983 on the theory of *respondeat superior,* as each defendant is only liable for his or her own misconduct. Id.; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor may be held liable only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."

4

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989); *accord* Starr v. Baca, No. 09–55233, 2011 WL 477094 *4–5 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir.2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir.2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir.1997).

However, a supervisor's failure to train subordinates may give rise to individual liability under § 1983 where the failure amounts to deliberate indifference to the rights of persons whom the subordinates are likely to come into contact. *See* Canell v. Lightner, 143, F.3d 1210, 1213-14 (9th Cir. 1998). To impose liability under this theory, a plaintiff must demonstrate the subordinate's training was inadequate, the inadequate training was a deliberate choice on the part of the supervisor, and the inadequate training caused a constitutional violation. Id. at 1214. *See also* City of Canton v. Harris, 489 U.S. 378, 391 (1989); Lee v. City of Los Angeles, 250 F.3d 668, 681 (9th Cir. 2001).

At present, Plaintiff avers that Defendant Amaya failed to properly supervise and train Officer Fernandez in the removal of Plaintiff's medical device, without providing the Court any factual basis for this allegation. (Doc. 9 at 8 ¶ 47). Nowhere does Plaintiff allege facts sufficient to indicate Defendant Amaya deliberately chose to provide adequate training or how the training caused the alleged deprivation. Thus, the claim is **DISMISSED.**

**B.  Inmate Grievance Procedure**

To the extent Plaintiff alleges Defendants Briggs and Jones ignored his inmate grievances in violation of his Eighth and Fourteenth Amendment rights, (Doc. 9 at 8 ¶¶ 48, 49), he is advised that it is well-established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (*citing* Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, when a prison official denies, screens-out, or ignores an inmate's grievance, the prison official does not deprive the inmate of any constitutional right. *See, e.g.,* Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegation that prison officials denied or ignored his inmate appeals failed to state a cognizable claim); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788, at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegation that prison officials failed to timely process his inmate appeals failed to state a cognizable claim); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P,

2009 WL 4281999, at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegation that prison officials screened-out his inmate grievances without any basis failed to show a deprivation of federal rights). Thus, the claims are **DISMISSED.**

### C. Eighth Amendment Claim – Inadequate Medical Care

To establish a violation of the Eighth Amendment based on inadequate medical care, a plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In other words, the plaintiff must show the existence of (1) a serious medical need and (2) a deliberately indifferent response by the defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). Indications that a person has a serious need for medical treatment include: the existence of an injury that a reasonable doctor or patient would find worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. McGuckin, 974 F.2d at 1059-60 (citations omitted).

A defendant acts with deliberate indifference when he knowingly fails to respond to a serious medical need, thereby inflicting harm on the plaintiff. *See* Farmer v. Brennan, 511 U.S. 825, 837-42 (1994); Jett, 439 F.3d at 1096. Deliberate indifference may appear when a defendant denies, delays, or otherwise interferes with medical treatment. *See* Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). Nevertheless, "[d]eliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Here, Plaintiff suffers from a degenerative joint disease, which impairs his ability to sit, stand and walk. (Doc. 9 at 5 ¶ 13). In addition, he experiences severe hip and lower back pain when sleeping. Id. at 5 ¶ 13. Plaintiff seemingly alleges the deprivation of his medical mattress caused severe pain and insomnia. Id. at 8 ¶ 43. As the loss of his medical mattress affected his ability to

perform his daily activities and caused severe pain, Plaintiff states sufficient facts to demonstrate he possessed a serious medical need. *See* McGuckin, 974 F.2d at 1059-60.

Plaintiff has demonstrated that Officer Fernandez possessed a culpable state of mind. As Officer Fernandez identified himself as the person responsible for packing Plaintiff's property, Plaintiff made Officer Fernandez aware of his need for the mattress. (Doc. 9 at 6 ¶¶ 21, 22). When informed of the need for the mattress, Officer Fernandez's responded that Plaintiff would not receive the mattress because "he batter[ed] C.O.'s," which implies a deliberate intent to deprive Plaintiff of his prescribed mattress. *See e.g.*, Snow v. McDaniel, 681 F.3d 978, 990 (9th Cir. 2012) (Prison official's statement to an inmate that he was ""gonna let [the inmate] suffer" found to be "a textbook example of the state of mind required to violate the Eighth Amendment). Thus, Plaintiff states a cognizable claim against Officer Fernandez.

In regard to Officer Geston, Plaintiff omits sufficient facts concerning Officer Geston that would apprise the Officer Geston – or the Court for that matter – of Plaintiff's Eighth Amendment claim against him. Fed. R. Civ. P. 8(a); Doc. 8 at 8 ¶ 46. Plaintiff merely concludes that Defendant Fernandez expressed his "frustration with Defendant Geston and his involvement with the missing mattress" without providing any facts to support his conclusion. (Doc. 8 at 7 ¶ 34). From these scant facts, there is no support that Officer Geston was aware of Plaintiff's medical condition let alone that he acted culpably. Thus, Plaintiff's claim against Officer Geston is **DISMISSED** for failure to state a cognizable claim.

## V. LEAVE TO AMEND

As noted above, Plaintiff has stated a cognizable claim against Defendant Fernandez. Therefore, Plaintiff may therefore proceed in one of two ways. First, Plaintiff may elect to serve his complaint and pursue only his Eighth Amendment claim against Defendant Fernandez. Second, Plaintiff may delay service and file an amended complaint, attempting to cure the deficiencies that have been identified by the Court in this order. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks and citation omitted).

If Plaintiff elects to file an amended complaint, he is warned that he may not change the nature of this suit by adding new and unrelated claims. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In addition, Plaintiff is advised that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220.

Finally, Plaintiff's second amended complaint **SHALL** contain a concise statement of the facts pursuant to Fed. R. Civ. P. 8(a). The second amended complaint **SHALL not exceed 20 pages, including attached exhibits.** In his amended complaint, **Plaintiff must address the deficiencies noted here. Plaintiff is advised that his failure to do so will result in an order dismissing this action.** There is no need to attach exhibits to an amended complaint.

**ORDER**

Accordingly, and for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Within **21 days** of the date of this Order, Plaintiff **SHALL** either:

    a. Notify the Court as to whether he wishes to proceed on his Eighth Amendment claim of inadequate medical care against Officer Fernandez; or

    b. File a second amended complaint;

2. Should Plaintiff elect to file a second amended complaint, it must address the deficiencies set forth in this order. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint, including attached exhibits, **SHALL not exceed 20 pages**;

3. The Clerk of the Court is **DIRECTED** to send Plaintiff the form complaint for use in a civil rights action.

///
///
///
///
///

8

1 **Plaintiff is firmly cautioned that failure to comply with this order will result in an order dismissing this action.**

IT IS SO ORDERED.

Dated: **June 21, 2013**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE