IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTIN,<br><br>            Plaintiff,<br><br>      v.<br><br>ANTHONY FERNANDEZ, et al.,<br><br>            Defendants. | CASE NO. 1:13-cv-00754-JLT (PC)<br><br>**ORDER CONSTRUING PLAINTIFF'S MOTION REQUESTING COURT ORDER FORCING PRISON OFFICIALS TO ALLOW PLAINTIFF PHYSICAL ACCESS TO THE LAW LIBRARY AS A MOTION FOR A PRELIMINARY INJUNCTION**<br>(Doc. 19)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br>(Doc. 19) |

Plaintiff Brian Martin ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil action pursuant to 42 U.S.C. § 1983. Plaintiff consented to proceed before the Magistrate Judge jurisdiction on June 13, 2012. (Doc. 6). No other parties have appeared in this action.

Plaintiff requests that the Court require prison officials to permit Plaintiff physical access to the law library with each order issued in this matter. (Doc. 19 at 2). Plaintiff reports that this would permit him to meet Court deadlines and avoid further requests for extension of time to submit his filings. Id. at 2. The Court construes the present motion as a preliminary injunction.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of the equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted).  "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24 (citation omitted).  It may be awarded only upon a clear showing that the movant is entitled to relief. Id.  A stronger showing of one element may offset a weaker showing of another. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (the sliding scale approach to balancing the elements for a preliminary injunction survives Winters).  However, while the elements may be balanced, all four factors must be present in order to warrant injunctive relief. Id. at 1052-53.

Plaintiff has named several individual defendants in his civil rights complaint; however, none of those defendants are the persons he seeks to enjoin here. *Compare* (Doc. 9) *with* (Doc. 19).  Additionally, the U.S. Marshals have not yet served any defendants in this matter.  As a result, the Court lacks personal jurisdiction over the named defendants and the additional persons set forth in Plaintiff's Petition for Injunction.  "A federal court may [only] issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.3d 719, 727 (9th Cir. 1985) (emphasis added).

Furthermore, Plaintiff has made no showing of irreparable injury, rather he speculates that he will sustain prejudice in the future.  Thus, Plaintiff's request for a preliminary injunction is **DENIED.**

**ORDER**

Accordingly, the Court **ORDERS** that Plaintiff's preliminary injunction (Doc. 19) is **DENIED**.

IT IS SO ORDERED.

Dated:   **August 19, 2013**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE