# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN MARTIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY FERNANDEZ, et al ,<br><br>　　　　Defendant. | 1:13-cv-00754-AWI-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 33) |

　　　Plaintiff, Brian Martin, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. On December 2, 2013, Plaintiff filed a motion seeking the appointment of counsel which was denied without prejudice. (Docs. 30, 32.) On December 19, 2013, Plaintiff filed a motion for reconsideration of the order denying his motion to appoint counsel. (Doc. 33.)

　　　Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of

1

the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff argues that the dismissal of Defendants Briggs and Jones for Plaintiff's failure to state cognizable claims against them shows that the Magistrate Judge committed clear error by finding that Plaintiff can adequately articulate his claims and failing to cite the precise evidence in the record relied on to make that finding. (Doc. 33, at 6:5-21.) Plaintiff further argues: (1) that the fact that discovery was opened in this case shows that his case is meritorious (*id.*, at 6:21-25); (2) that most cases are won or lost in discovery (*id.*, at 7:10); (3) that discovery is not considered early an early stage in litigation (*id.*, at 7:10-11); (4) that the basis for finding exceptional circumstances did not exist were not identified (*id.*, at 7:14-25); (5) that discovery may be able to defeat some of the affirmative defenses raised, but discovery is complex and he "has no clue how to utilize discovery" (*id.*, at 8:1-7); and (6) that his ability to pursue this case is severely hindered by his confinement in Administrative Segregation (*id.*, at 8:8-15). None of this shows that the Magistrate Judge's denial without prejudice of Plaintiff's motion for counsel to be appointed was clearly erroneous.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989), and exceptional circumstances are not present at this time for the Court to seek the voluntary assistance of counsel

pursuant to section 1915(e)(1), *Rand*, 113 F.3d at 1525.  Plaintiff's trepidation with pursuing this case on his own, while understandable, is not sufficient grounds for reconsideration of the Magistrate Judge's order denying appointment of counsel without prejudice.  Further, nothing in the Magistrate Judge's order, nor this order prohibits Plaintiff from attempting to secure counsel on his own.

      Having carefully considered this matter, the Court finds the Magistrate Judge's order denying Plaintiff's request for appointment of counsel to be supported by the record and proper analysis.

      Accordingly, Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion for counsel to be appointed in this case, filed December 19, 2013 (Doc. 33), is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 4, 2014                                                    _____
                                                                             SENIOR  DISTRICT  JUDGE